**DE QING CHEN, Petitioner,**

v.

**Michael B. MUKASEY,** ** **United States Attorney General, Respondent.**

**No. 07–3625–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Gary J. Newkirk, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

## *SUMMARY ORDER*

Petitioner De Qing Chen, a native and citizen of China, seeks review of the July 27, 2007 order of the BIA denying his motion to reopen. *In re De Qing Chen,* No. A70 909 615 (B.I.A. July 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We conclude that the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. As the BIA noted, its prior decision was issued in January 2003, but Chen did not file his motion until January 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly found that Chen's motion did not qualify for an exception to that time limitation. *See id.*

First, it is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).

* The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

Second, despite Chen's submission of various allegedly official Chinese government documents and recent U.S. State Department country reports, the BIA did not abuse its discretion in concluding that he failed to provide sufficient evidence to support his allegation that conditions in China have materially changed. In contrast to *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006), there is no indication that the BIA failed to consider the documents Chen submitted in support of his motion to reopen.

"Where the BIA has given reasoned consideration to the petition, and made adequate findings, it [need not] expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," particularly when confronted with evidence it "is asked to consider time and again." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks and citations omitted). We have previously reviewed the consideration, in the context of an untimely motion to reopen, of evidence similar to that submitted by the petitioner here and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China. *See, e.g., Jian Huan Guan v. BIA*, 345 F.3d 47 (2d Cir.2003) (holding that the BIA did not abuse its discretion in denying a petitioner's untimely motion to reopen where petitioner submitted proof of the birth of her two sons, a letter from her parents warning of the danger of forced sterilization, and a purported sterilization certificate for her cousin who allegedly also had two children).

We conclude further that the BIA did not abuse its discretion in concluding that Chen failed to demonstrate a "realistic chance" that he would face persecution if removed to China. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005)

(requiring an asylum applicant seeking to reopen his case to "establish *prima facie* eligibility for asylum, *i.e.*, 'a realistic chance' that he will be able to establish eligibility"). The BIA did not err in finding that Chen provided insufficient evidence that the birth of his U.S. citizen children violated the family planning policy in his area of residence in China, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that "[i]n the absence of solid support in the record" for an applicant's assertion that she would be persecuted, the BIA did not err in denying asylum because her fear was "speculative at best"). We therefore need not examine Chen's argument challenging the BIA's finding that he must comply with the requirements of a motion to reopen in order to file a "successive" asylum application because, even assuming that the BIA's conclusion was erroneous, Chen failed to establish *prima facie* eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.